IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEROME ANTHONY THEUS,

    Plaintiff,

v.

WILLIAM HANRAHAN,

    Defendant.

ORDER

Case No. 15-cv-7-bbc

---

In an order entered in this case on January 7, 2015, plaintiff was told that before the court could consider the request to proceed without prepayment of fees, plaintiff would have to submit a certified copy of his trust fund account statement covering the six-month period preceding the filing of the complaint to determine if plaintiff qualifies for indigent status and if so, assess an initial partial payment of the $350 fee for filing this case. A decision regarding plaintiff's indigency status cannot be determined at this time because the trust fund account statement submitted is not certified and it does not cover entire the six-month period immediately preceding the filing of the complaint.

To comply with this court's January 7, 2015 order, plaintiff must provide the court with certified trust fund account statements for the entire six-month period from July 1, 2014 to January 1, 2015. It is clear from the uncertified three-month statement that plaintiff submitted, prior to September 29, 2014, that plaintiff was located at a different institution. So, in addition to obtaining a certified copy of his trust fund account statement from the current institution, Fox Lake Correctional Institution, plaintiff must also write to the institution where he was in custody before September 29, 2014 to obtain a certified copy of the statement from that institution for the remainder of the six-month period, which is

1

July 1, 2014 to September 29, 2014. Once plaintiff has submitted the necessary certified account statements, I will calculate the initial partial payment and advise plaintiff of the amount due before the court can screen the merits of his complaint under § 1915(e)(2).

ORDER

IT IS ORDERED that plaintiff may have an enlargement of time to February 9, 2015, in which to submit *certified* copies of his trust fund account statements from all of the institutions where plaintiff was in custody for the entire period beginning July 1, 2014 and ending approximately January 1, 2015. If, by February 9, 2015, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to plaintiff's filing the case at a later date.

Entered this 16th day of January, 2015.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge